**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| IN RE: | : | BANKRUPTCY CASE NO. 17-10342-TPA |
| | : | |
| North Coast Tool, Inc. | : | CHAPTER 11 |
| Debtor | : | |
| | : | Document Number: 83 |
| North Coast Tool, Inc. | : | |
| Movant | : | |
| | : | |
| vs. | : | |
| | : | |
| Northwest Bank, | : | |
| Commonwealth of Pennsylvania, | : | |
| PA Department of Labor & Industry, | : | |
| Biz Finance, | : | |
| United States of America, | : | |
| Department of Treasury, | : | |
| Internal Revenue Service, | : | |
| Heather Sprague, Esquire, | : | |
| On Behalf of United States Trustee, | : | |
| Respondents | : | |

**EXPEDITED MOTION OF DEBTOR TO AUTHORIZE THE AUCTION SALE OF DEBTOR'S EXCESS EQUIPMENT FREE AND CLEAR OF LIENS PURSUANT TO 11 U.S.C. §363(b)(1) AND LR 6004-1(a): 6004-1(d)(2) and 9013-3(c)**

**AND NOW,** comes the Debtor, North Coast Tool, Inc. ("Debtor"), by and through its undersigned counsel, and files this *Expedited Motion of Debtor to Authorize the Auction Sale of Debtor's Excess Equipment Free and Clear of Liens Pursuant to 11 U.S.C. §363(b)(1) AND LR 6004-1(a): 6004-1(d)(2) and 9013-3(c)*("Motion") and in support thereof, avers as follows:

1. This is Debtor's Motion presented on an expedited basis to approve the Auction Sale of Debtor's Excess Equipment which is less than all of the property of the estate.

2. This is a Core proceeding over with the Court exercises jurisdiction under 28 U.S.C. §157(2)(M).

3. Debtor filed a voluntary **Petition** under Chapter 11 of the **Bankruptcy Code** on April 5, 2017 at Case No. 17-10342-TPA.

4. The Debtor is a Pennsylvania corporation having a primary business address located at 2705 West 17th Street, Erie, PA 16506.

5. Northwest Bank is the primary secured creditor of the Debtor maintaining a first lien perfected security interest in all of the Debtor's personal property assets.

6. Debtor is engaged in certain manufacturing business for which it has acquired an array of equipment, all of which is subject to the first lien of Northwest Bank.

7. Debtor, North Coast Tool, Incorporated, has identified certain equipment owned by the Debtor, which is excess equipment and can be sold to reduce the outstanding obligation owed to Northwest Bank. A list of the excess equipment is attached hereto as Exhibit A.

8. The following persons and entities are identified as Respondents, each of which has or may have an interest in the excess equipment identified in Exhibit A.

    A. Northwest Bank, PO Box 128, Warren, Pennsylvania 16365 filed a Uniform Commercial Code Financing Statement at 2014050204217 and is owed approximately $131,179.00.

    B. Commonwealth of Pennsylvania, Department of Labor & Industry, 651 Boss Street—Room 608, Harrisburg, PA 17121 filed Unemployment Tax Liens against the Debtor in Erie County Court of Common Pleas dockets 2016-30601, 2016-30850, 2016-31196, 2017-30087 and is owed approximately $ 24,992.46.

    C. Biz Finance, 460 Park Avenue South, 6th Floor, New York, NY 10016 filed a Uniform Commercial Code Financing Statement on proceeds of future sales. Amount owed is unknown.

    D. United States of America, Department of Treasury, Internal Revenue Service, c/o Insolvency Unit, PO Box 7346, Philadelphia, PA 19101 filed Federal Tax Liens against the Debtor in Erie County Court of Common Pleas dockets 2017-30372, 2016-31578, 2016, 2016-31152 and is owed $121,705.06.

9. Debtor has filed a Motion seeking Court approval to employ Mike Peterson Auction & Realty Service ("Peterson") to conduct an auction sale.

10. Time is of the essence with respect to the auction since the Lease on the Debtor's present business location expires June 30, 2017 and it is necessary to conduct the auction to have the equipment removed from the premises by that date.

11. 11 U.S.C. §363(b)(1) permits the Debtor to sell outside the ordinary course of business property of the estate free and clear of liens.

12. LR 6004-1(d)(2) provides that the Seller may move the Court to establish a sale procedure where less than all of the estate assets are to be sold.

13. As an auction sale of the Debtors' excess equipment cannot conveniently be conducted in the Bankruptcy Court, Debtor requests that the Court authorize Peterson to conduct an online auction sale with bidding to conclude by June 26, 2017 and all sold equipment to be removed from the Debtor's place of business on or before June 30, 2017. Debtor requests that the Court authorize Peterson to advertise the auction as Peterson would in its usual course of business in machinery auctions and; that Notice of the auction sale be given in accordance with LR 6004-1(d) and; that Debtor upload to the EASI website the information concerning the sale.

14. Debtor anticipates the net proceeds of the sale of its excess equipment, after payment of expenses directly related to the sale, will be paid to Northwest Bank to reduce its loan balance, the Debtor and other creditors will benefit because the application of the proceeds will reduce the Debtor's obligation to Northwest Bank. Debtor anticipates that the reduction will enable the Debtor to formulate a Chapter 11 Plan of Organization, which will address the Debtor's obligation to other creditors, including unsecured creditors.

15. In order for the auction sale to be successful, the Debtor's assets must be sold free and clear of all liens, claims and encumbrances.

16. 11 U.S.C. §363(b)(1) permits the sale of the property to be made free and clear of any and all liens, claims, security interests, mortgages, pledges, charges, indentures, loan agreements, options, rights of refusal, offset recoupment, rights of recovery, judgments, orders, and decrees of any

Court of governmental entity, interest, successor, products, tax and other liabilities, and claims against the Debtor or Debtor's property of any kind or nature, whether secured, unsecured, choate, inchoate, filed or unfiled, scheduled or unscheduled, noticed or unnoticed, recorded or unrecorded, contingent or non-contingent, liquidated or un-liquidated, matured or un-matured, known or unknown collectively the liens and claims.

17. Debtor proposes to the extent that the liens and claims exists they shall attach to the proceeds to be paid in order of priority, as modified by applicable non-bankruptcy laws.

18. Debtor believes that the sale at the auction, at this time, will provide the highest and best offer that the Debtor has or shall receive for the items listed in Exhibit A in that purchasers at the auction will exercise good faith to provide fair value within the meaning of §363(m) of the Bankruptcy Code and In re: Abbott Diaries of Pennsylvania, Incorporated, 78 F. 2d 142 (3d. Cir. 1986).

19. As set forth above, the prompt sale of this property free and clear of liens is in the best interest of the estate and best interest of the creditors and is necessary in order for the Debtor to attempt to formulate a successful Chapter 11 Plan.

**WHEREFORE,** Debtor, North Coast Tool, Inc., prays for an Order which authorizes the sale of Debtor's excess equipment at auction to be conducted by Peterson to be sold to the respective purchasers free and clear of any and all liens and claims pursuant to the authority of 11 U.S.C. §363(b)(1) with net proceeds of the auction sale to be paid directly to Northwest Bank to the extent of its loan balance.

Date: June 6, 2017                                                                    Respectfully Submitted,

/s/ Daniel P. Foster, Esquire
Daniel P. Foster, Esquire
PA ID 92376
FOSTER LAW OFFICES
PO Box 966
Meadville, PA 16335
Phone: 814.724.1165
Fax: 814.724.1158
Dan@MrDebtBuster.com